UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMARA NELSON, KETURAH BASHFUL, AND DARNELL NELSON | CIVIL ACTION |
| VERSUS | NO: 23-2654 |
| WRIGHT COACHES, LLC, MIKE DINKINS, AND RLI INSURANCE COMPANY | SECTION: "J"(2) |

**ORDER & REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 7)** filed by Plaintiffs Tamara Nelson, Keturah Bashful, and Darnell Nelson, and opposition thereto (Rec. Doc. 8) filed by Defendants, Wright Coaches, LLC, Michael Dinkins, and RLI Insurance Company. Plaintiffs also filed a reply. (Rec. Doc. 13). Having considered the motion and legal memoranda, the record and the applicable law, the Court finds that the motion should be **DENIED**.

This action arises from a motor vehicle accident which occurred on October 22, 2022 in New Orleans, Louisiana. During the accident, Darnell Nelson's vehicle – containing Tamara Nelson and Keturah Bashful – was struck by a coach bus owned by Defendant Wright Coaches, LLC, driven by Mike Dinkins, and insured by RLI Insurance Company. The sole issue before the Court is whether supplemental jurisdiction is proper over Plaintiff Keturah Bashful's claims which do not independently rise above the $75,000 threshold.

28 U.S.C. § 1367(a), which governs the exercise of supplemental jurisdiction, provides

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the *same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(emphasis added). Plaintiffs were all passengers in the same vehicle when the accident occurred. Their claims unquestionably form the same case or controversy as required by § 1367(a). However, Plaintiffs seem to suggest that supplemental jurisdiction can never be proper when there are multiple parties in a diversity action. Plaintiffs do not "challenge the Defendants' assumptions" regarding jurisdiction over the Nelsons. (Rec. Doc. 7, at 4). Instead, they argue that the Court cannot exercise supplemental jurisdiction over Ms. Bashful's claims because of § 1367(b) which precludes supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure." Plaintiffs do not explain why they believe this case meets this exception, nor do they address Supreme Court precedent stating that "interpreting § 1367 to foreclose supplemental jurisdiction over plaintiffs in diversity cases who do not meet the minimum amount in controversy is inconsistent with the text, read in light of other statutory provisions and our established jurisprudence." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 567 (2005).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* (Rec. Doc. 7) is **DENIED.**

New Orleans, Louisiana, this 17th day of October, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE